UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON W. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-162 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT FOR DAMAGES**

Plaintiff, Jason W. Moore, by counsel, and for his Complaint for Damages against the Defendant, the United States of America, states as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States of America is a Defendant and the events or omissions giving rise to the claim occurred in this district.

3. Before commencement of this action and pursuant to 28 U.S.C. § 2675, Plaintiff served a notice of Federal Total Claim on or about September 25, 2017. A copy of which is attached hereto as Exhibit "A". The United States of America denied Plaintiff's claim on December 27, 2017. A copy of which is attached hereto as Exhibit "B".

4. In this Complaint, whenever the term "Defendant" is used, it means the Defendant, the United States of America, its officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that the Defendant did any act or thing

or failed to do any act or thing, it is meant that the Defendant, the United States of America, its officers, agents, servants, employees, and/or representatives did or failed to do such act or thing, and that at the time such act or thing was done or failed to be done, it was with the full authorization and ratification of the Defendant and was in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, and/or representatives.

5. On October 27, 2016 Plaintiff, Jason W. Moore, presented to the Richard L. Roudebush VAMC in Indianapolis, Indiana for a left total hip arthroplasty. Indications for the procedure were a history of Perthes Disease of his left hip and gradually worsening hip pain over the last several years. During the hip replacement procedure, the surgeons, Mark Webster, M.D., Stephen Oleszklewcz, M.D. and Anokha Prdubidri, M.D., who were employees and/or agents of the United States Government through the Richard L. Roudebush VAMC, negligently performed the aforementioned operation and as a result of that negligence transected the common femoral/distal external iliac artery with injury to the profunda femoral artery and also transected the common femoral distal external iliac vein. As a result of these vascular injuries, Mr. Moore required transfusion of 21 packed cells, either 8 or 16 units of FFP and 4 bags of platelets. In addition to these vascular injuries, the physicians' negligent operation was a proximate cause of damage to the nerves of Mr. Moore's leg resulting in numbness, pain, motor function disruption and disability.

6. The care the Plaintiff received by the Defendant at the Veterans Administration Medical Center in Indianapolis, Indiana was negligent and below the acceptable medical standards as outlined above, and as a proximate result the Plaintiff suffered injury to his body, specifically his left lower extremity, including:

      a.      He required massive blood and platelet transfusions;

      b.      Numbness from his knee down the front of his leg halfway around his calf on his left leg;

      c.      Swelling in his knee and shin which becomes worse with walking and use;

      d.      Lack of mobility and the movement of his leg is restricted;

      e.      Loss of strength;

      f.      Loss of the ability to run, jog, run fast;

      g.      Pain in the mid anterior quadracep down to his ankle causing needle sharp pain which occurs on a daily basis.

      h.      Inability to actively flex his leg backwards, or rotate his leg across his torso.

7. In addition, Mr. Moore was off work completely and therefore lost time and earnings from work through February of 2017 at which time he returned to work on a limited and restricted basis. Mr. Moore works as an HVAC technician at his HVAC service company in Greenwood, Indiana. His work involves physical activity and exertion. He is unable to climb extension ladders due to loss of strength and mobility in his legs and cannot kneel without kneepads due to pain.

8. Some of the activities which are extremely difficult or he is unable perform include: squatting, lifting an object like a bag of groceries from the floor, performing heavy activities around the house, walking a mile, going up or down 10 stairs, standing for one hour, running on even ground, running on uneven ground, marking sharp turns while running fast, hopping, rolling over in bed, usually work or household activities, and usual hobby recreational

sporting activities.  He also has difficulty putting on his shoes and socks, lifting an object, performing light activities around the home, getting in and out of the car, and walking 2 blocks.

9. The injuries suffered by Mr. Moore and the limitations from those injuries have persisted for approximately one (1) year and as a result it is expected that these issues and problems will be permanent.

WHEREFORE, the Plaintiff, Jason W. Moore, respectfully requests a judgment in an amount which will fully and fairly compensate him for his injuries and damages, for the costs of this action, and for all other just and proper relief.

Respectfully Submitted,

YOUNG & YOUNG

*/s/ James H. Young*
James H. Young, #1756-98
128 N. Delaware St., Third Floor
Indianapolis, IN 46204
Ph:	(317) 639-5161
Fax:	(317) 639-4978
Email: jim@youngandyoungin.com